**BAKER, LESHKO, SALINE & DRAPEAU, LLP**
*Attorneys for Plaintiff*
**One North Lexington Avenue White Plains, New York 10601-1712**
914.681.9500
mbaker@bakerleshko.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| 136 FIELD POINT CIRCLE HOLDING COMPANY, LLC,<br><br>                    Plaintiff,<br><br>   -against-<br><br>ALEXANDER RAZINSKI, TANYA RAZINSKI and INVAR INTERNATIONAL HOLDINGS, INC.,<br><br>                    Defendants. | Civ.<br><br>**COMPLAINT** |

136 Field Point Circle Holding Company, LLC, by its attorneys, Baker, Leshko, Saline & Drapeau, LLP, complaining of the above-mentioned defendants, alleges as follows:

**Parties**

1. **Plaintiff** is a limited liability company organized under and existing pursuant to the laws of the State of Connecticut and none of its members are(i) if an individual citizens of the State of New York, and (ii) if an entity are not incorporated

1

or formed pursuant to the laws of the State of New York and (iii) do not have a principal place of business in New York.

2. The principal place of business of plaintiff is within the Commonwealth of Puerto Rico.

3. At all times relevant herein, Plaintiff was the fee simple owner of the property known as and located at 136 Field Point Circle, Greenwich, Connecticut (the "Property").

4. At the time herein, Alexander Razinski is a citizen and resident of the State of New York.

5. At the time herein, Tanya Razinski is a citizen and resident of the State of New York.

6. Upon information and belief, Alexander Razinski and Tanya Razinski are husband and wife.

7. Upon information and belief, defendant Invar International Holdings, Inc. ("Invar") is a corporation organized under and existing pursuant to the laws of the Commonwealth of Virginia.

8. Upon information and belief, Invar has a principal place of business in a State or Commonwealth other than the State of Connecticut.

9. Upon information and belief, Invar is wholly owned by Alexander Razinski, Tanya Razinski and Xenia Razinski, their daughter.

## Jurisdiction/Venue

10. The amount in controversy in this matter exceeds the sum of $75,000.00, exclusive of interest and costs.

11. This Court has jurisdiction over this matter based on diversity of citizenship, 28 U.S.C. §1332.

12. Venue is proper in this district pursuant to 28 U.S.C. §1391 as the defendants Alexander Razinski and Tanya Razinski reside in this District.

## The Master Agreement

13. On or about May 17, 2012, the plaintiff and the defendants entered into a certain written agreement entitled "Master Agreement" (a copy of the Master Agreement is annexed hereto as Exhibit "1").

14. Pursuant to the terms of the Master Agreement, Mr. and Mrs. Razinski, as tenants, were given a lease by 136 FPC, as landlord, allowing them to reside at the Property from approximately May 2012 to May 2013 which was later extended to November 2013.

15. Pursuant to the Master Agreement, Mr. and Mrs. Razinski were given an option to purchase the Property for a price to be calculated pursuant to an agreed to formula during a certain time period.

16. In the event Mr. and Mrs. Razinski did not exercise their option to purchase the Property, it was envisioned in the Master Agreement that the Property would be sold.

17. Provisions were made in the Master Agreement that upon the sale of the Property if there was a surplus amount between a certain Required Return Price (as defined in the Master Agreement) and what 136 FPC realized on the sale of the Property, Mr. and Mrs. Razinski would receive such surplus pursuant from the defendants.

18. Provisions were made in the Master Agreement that upon the sale of the Property, if there was a deficit between the Required Return Price and what 136 FPC realized on the sale of the Property, 136 FPC would receive payment of such deficit.

19. Mr. and Mrs. Razinski did not exercise their option to purchase the Property.

20. Instead of surrendering the Property to 136 FPC as they were contractually obligated to do, the Razinski did not do so and continued to occupy the Property.

21. The Razinskis purposely forestalled their inevitable eviction from the Property, which actually occurred more than five (5) years thereafter.

22. They filed numerous and improper lis pendens against the Property which effectively rendered the sale of the Property impossible until after they were evicted and all of the lis pendens were vacated – something which did not occur until more than five (5) years from when they should have voluntarily vacated the Property.

**Background**

23. Prior to 136 FPC's ownership of the Property, Mr. and Mrs. Razinski were under contract to purchase the Property from a prior owner.

24. Mr. and Mrs. Razinski had apparently paid $10,000,000 for an option to purchase the Property.

25. When the time to exercise that option arrived, they did not have the monies to pay the same.

26. Faced with the loss of $10,000,000, Mr. Razinski, through an intermediary, approached a representative of 136 FPC asking for a mortgage.

27. 136 FPC decided not to provide a mortgage but entered into a transaction wherein 136 FPC purchased the Property from the third party, gave Mr. and Mrs. Razinski a short-term lease for the Property and gave them an option to purchase the Property at a predetermined price by the end of the lease term.

28. When the date to exercise arrived, the Razinskis failed to exercise the option to purchase.

29. Upon information and belief, the Razinskis again did not have the monies to exercise the option and purchase the Property.

30. Instead of moving out of the Property as they had agreed, the Razinskis embarked upon a course of vexatious litigation over the course of more than five (5) years rendering the sale of the Property impossible.

31. In the lease agreement between 136 FPC and the Razinskis, dated May

17, 2012, the Razinskis agreed that they would not hold over at the expiration of the term of the lease.

32.     Specifically, they acknowledged and agreed in such lease "that You [the Razinskis] are sophisticated parties with significant resources that would enable You to obtain other accommodations immediately upon termination of this Lease (including using Your residence at 40 Central Park South, Apartment 12A, New York, NY 10019) and, accordingly, You each irrevocably waive any holdover or similar rights to reside in or otherwise occupy…the Dwelling at any point after the end of the Rental Term [November 2013]".

33.     The Razinskis first brought an action against 136 FPC in April 2014 seeking declaratory relief that the transaction with 136 FPC was not a lease transaction, but they had an equitable mortgage or some other form of equitable interest in the Property due to the transaction.

34.     Subsequently, 136 FPC counterclaimed the Razinskis, and it made a motion for summary judgment.

35.     136 FPC argued in its papers for summary judgment that at no time herein did the Razinskis own the property – they were simply tenants with an option to purchase, whose lease had terminated and whose option has lapsed due to the failure of the Razinskis to exercise the option to purchase.

36.     By Decision and Order, dated October 28, 2014, Justice Madden of the Supreme Court of the State of New York, County of New York, ruled in favor of 136

FPC and held that Mr. and Mrs. Razinski had no such interest in the Property.

37.  Justice Madden held that the Razinskis had a lease which expired in November of 2013, and the Court granted the application of 136 FPC for ejectment.

38.  She flatly rejected the argument that the Razinskis held some form of equitable mortgage on the Property.

39.  In such Decision and Order Justice Madden "Ordered that branch of [136 FPC's] counterclaim for ejectment is granted, and defendant [136 FPC] is entitled to a judgment of possession against plaintiffs Alexander Razinski and Tanya Razinski."

40.  The Razinskis had also filed a notice of pendency in this action (the "First Notice of Pendency"), and Justice Madden also directed that the this First Notice of Pendency the Razinskis filed against the Property be vacated.

41.  Justice Madden stated: "ORDERED that the Notice of Pendency filed by plaintiffs Alexander Razinski and Tanya Razinski on July 5, 2013, in the office of the Town Clerk of the town of Greenwich, Connecticut against [the Property] is cancelled…."

42.  Thereafter, the Razinskis appealed the Decision and Order to the Appellate Division, First Department.

43.  On February 4, 2016, only a few weeks after oral argument, the Appellate Division unanimously affirmed the Decision and Order of Justice Madden.

44.  The Razinskis subsequently sought leave to appeal to the Court of Appeals from the Appellate Division which was denied.

45.  The Court of Appeals on October 25, 2016, denied leave to appeal,

leaving the Decision and Order of JusticeMadden intact.

46.     136 FPC was advised by Connecticut counsel that the only way to obtain an eviction of the Razinskis from the Property was to obtain an Order of a Connecticut Court. Accordingly, 136 FPC commenced an action in Connecticut Superior Court to evict the Razinskis.

47.     After a trial in the matter, the Superior Court held in favor of 136 FPC and granted it possession in 2018.

48.     Connecticut Superior Court Judge Rodriguez in his decision found the testimony of Xenia Razinski, the daughter of the Razinskisto be as follows: "In fact, her appearance and claims asserted at trial are not only incredulous but border on being a fraud, a sham and an attempt to further delay these proceedings."

49.     The Razinski then sought a stay of the judgment of possession pending an appeal.

50.     In accordance with the Connecticut law, the Superior Court imposed upon the Razinski the statutory requirement of posting a bond.

51.     Either the Razinskis did not want to or did not have the money to do so, and they did not post the bond.

52.     Instead, they sought relief from the Courts of Connecticut to do away with the bonding requirement or to reduce the amount required.

53.     Again, the Superior Court denied the application to do away with the bond, and the Razinski appealed this Decision to the Appellate court of Connecticut.

54. The Appellate Court denied their application.

55. The Razinski then appealed this decision to the Supreme Court of Connecticut. On July 13, 2018, their application was denied.

56. Not to be outdone, the Razinskis then sought *en banc* consideration and that application was also deniedby the Supreme Court of the State of Connecticut on November 7, 2018.

57. As a last-ditch effort, the Razinskis brought an Order to Show Causein the New York Courts in their original action entitled *Invar International Holding, Inc. v. 136 Field Point Circle Holding Company LLC*, index number 651197/2014, now with new counsel), which was assigned to the Honorable Margaret Chan of this Court.

58. Such action was one for money damages, wherein the Razinskis alleged that due to the failure of 136 FPC to advance them an additional $1,000,000 under the Master Agreement, and subsequently could not hire certain experts in an unrelated arbitration, they suffered multi-million dollars loses for which 136 FPC was responsible.

59. Specifically, before Justice Chan the Razinskis sought a temporary restraining order in this New York Court to prevent their eviction from the Property by the Courts of the State of Connecticut.

60. On December 4, 2018, the Court denied the application of the Razinskis at oral argument and subsequently issued a Decision and Order, dated December 4, 2018.

61. In this Decision and Order, Justice Chan held that based on principles of res judicata and comity, she would not disturb the prior decisions of Justice Madden, as affirmed, and the decisions of the Courts of the State of Connecticut.

62. She also held that as the complaint in that action only sought money damages and no equitable remedies were sought, no temporary injunction could lie.

63. Subsequently, the Marshall served the Razinskis with an execution of eviction and the Razinskis were physically evicted from the Property on or about December 6, 2018 – five (5) years from when the Razinskis were contractually obligated to move out.

64. However, separate and apart from possession, the Razinskis still believed they had some sort of right to the Property, despite the Decision and Order of Justice Madden which was upheld on appeal, and they commenced a second action against 136 FPC in July 2018.

65. In this Complaint the Razinskis stated that they bring this "action for damages arising from defendants' concerted efforts to conspire, scheme and defraud Plaintiffs out of a title interest in the unique, one-of-a-kind Greenwich mansion located at 136 FieldPoint Circle in Greenwich Connecticut…."

66. The plaintiffs also filed the Notice of Pendency with the Clerk of the Town of Greenwich on August 6, 2018 (the "Second Notice of Pendency").

67. The matter was assigned to the Honorable Jennifer G. Schecter, Justice of the Supreme Court, Commercial Division.

68. At a Preliminary Conference before this Court on November 15, 2018, after it became apparent that the Complaint would not survive a motion to dismiss, the plaintiffs were given the opportunity to file an Amended Complaint.

69. On December 5, 2018, the plaintiffs filed their Amended Complaint.

70. As did the original Complaint, the Amended Complaint stated that "[p]laintiffs bring this action for damages arising from Defendants' concerted efforts to conspire, scheme, anddefraud Plaintiffs out of a Title interest in the unique, one-of-a kind Greenwich mansion located at 136 Field Point Circle…."

71. Again, as with the original Complaint, the Amended Complaint contains two causes of action – one for fraud and the other for aiding and abetting afraud. The headings duplicate what was contained in the original Complaint.

72. The first states it is "As and For a First Cause of Action for Fraud Against Defendant FPC".

73. The second states "As and For a Second Cause of Action For Aiding and Abetting Fraud Against Putnam Bridge Funding III and Valivian Advisors."

74. 136 FPC then brought a motion seeking the vacating of the Second Notice of Pendency which the Razinskis had filed against the Property.

75. On January 30, 2019, Justice Schecter granted the application of 136 FPC to vacate the Second Notice of Pendency finding there was no such basis to file the same.

76. Subsequently, the third counsel for the Razinskis moved to be relieved as counsel which application Justice Schecter granted.

77. The Razinskis then hired their fourth counsel in this continuing saga.

11

78. In or about October 2019 the Razinskis, through their fourth counsel, filed yet again another Notice of Pendency against the property on or about October 4, 2019 (the "Third Notice of Pendency").

79. This was done despite the fact that the Justice Schecter had held that the action pending before her could not support a Notice of Pendency.

80. On November 8, 2019, a hearing was held before Justice Schecter wherein she held that the Third Notice of Pendency was improper and was vacated.

81. The Court also issued an Order which stated that if the Razinskis considered filing any Notice of Pendency in any Court proceeding, they would first have to obtain permission from the Judge or Justice assigned to such case.

82. At this hearing counsel for the Razinskis provided a release of the Third Notice of Pendency which he had filed.

83. The Razinskis also provided in open court a release of the Second Notice of Pendency which their prior counsel had filed.

84. These two releases were filed with the Town Clerk of the Town of Greenwich, Connecticut on November 8, 2019.

### The Sale of the Property

85. In the early part of 2020, a principal of 136 FPC met with David Ogilvy to list the Property.

86. Subsequently, a brokerage agreement was signed by 136 FPC and Sotheby's (which Mr. Olgilvy's firm had merger with) for the sale of the Property for

the amount of $20,000,000.

87.  The Property was subsequently marketed for sale.

88.  In October 2021, 136 FPC entered into an agreement for the sale of the Property for $14,500,000.

89.  On November 30, 2021, the transaction closed wherein the net cash proceeds received by 136 FPC was $13,532,667.50.

### AS AND FOR THE FIRST CLAIM FOR RELIEF
(Breach of Contract)

85.  The Master Agreement provides that if 136 FPC received cash proceeds from the sale of the Property less that the current Required Return Price, the "Razinskis shall be jointly and severally obligation to pay Purchaser [136 FPC] the amount of the Deficit, in cash by wire transfer of immediately available funds, within five (5) days after the closing of the sale of the Property."

86.  The Required Return Price is a term defined in the Master Agreement which states that the Required Return Price shall essentially be the sum of (i) $16,000,000, plus the sum of $258,333 for each month between "Real Estate Closing Date" and the "Property Sale date", (ii) less the actual amount received from the sale of the Property, subject to certain adjustments based on what the Razinskis may have paid and the expenses of ownership incurred by 136 FPC.

87.  The defendants herein were given notice of that the sale of the Property occurred and the amount realized by 136 FPC.

88. The defendants have not tendered the sums due to 136 FPC as of the date of this Complaint.

89. Accordingly, the defendants herein are liable to 136 FPC for the Deficit herein in an amount of to be ultimately determined by this Court, but in an amount of not less than $20,000,000.00.

## AS AND FOR A SECOND CLAIM FOR RELIEF
(Contractual Claim for Attorneys' Fees and Expenses)

90. Plaintiff repeats and realleges the statements and allegations contained in all prior paragraphs of this Complaint as if more fully set forth herein.

91. The Master Agreement provides that "the Razinskis agree to jointly and severally indemnify and hold harmless ... Purchaser .... from and against any and all damages, losses, claims, liabilities and related costs and expenses (including reasonable attorneys' fees and disbursements) incurred in connection with: (a) any breach by the Razinski of any of their representations, warranties, covenants or agreements set forth in this Agreement "

92. The Razinskis have and continue to breach their agreement to pay monies owed to 136 FPC pursuant to the Master Agreement.

93. Due to the breach of the Master Agreement by the Razinskis, 136 FPC is entitled to its reasonable attorneys' fees and disbursements incurred by 136 FPC in this action.

WHEREFORE, plaintiff demands judgment as follows:

1. On the first cause of action, a sum to be ultimately determined by this Court, but in an amount of not less than $20,000,000.00, plus interest thereon.

2. On the second cause of action, a sum to be determined by this Court;

3. Costs and disbursements of this action; and

4. For such other, further, and different relief this Court deems just.

Dated: White Plains, New York
       December 21, 2021

                                               BAKER, LESHKO, SALINE & DRAPEAU, LLP
                                               *Attorneys for Plaintiff*

                                               By: _____
                                                       Mitchell J. Baker (MB-4339)