**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------X
136 FIELD POINT CIRCLE HOLDING     :
COMPANY LLC,     :
     :    No. 21 Civ. 11076 (JFK)
               Plaintiff,     :
     :    **ORDER**
    -against-     :
     :
ALEXANDER RAZINSKI, TANYA     :
RAZINSKI, and INVAR INTERNATIONAL     :
HOLDINGS, INC.     :
     :
               Defendants.     :
------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3-1-22

**JOHN F. KEENAN, United States District Judge:**

Before the Court is a letter motion ("Letter Motion") filed

by the pro se individual defendants in this case, Alexander

Razinski and Tanya Razinski ("the Razinskis"), requesting the

dismissal of Plaintiff 136 Field Point Circle Holding Company,

LLC's ("136 FPC") claim against the entity defendant, Invar

International Holdings, Inc. ("Invar Holdings"). (ECF No. 16.)

As relevant here, Invar Holdings is wholly owned by the

Razinskis and their daughter, Xenia Razinski. Shortly after the

Razinskis' filed the Letter Motion, 136 FPC filed an Amended

Complaint (ECF No. 18), which contains the same claims asserted

in the original complaint. The Razinskis have not yet answered

or otherwise responded to the Amendment Complaint.

In the Letter Motion, the Razinskis argue that the 136

FPC's claim against Invar Holdings must be dismissed because

1

Invar Holdings is not a party to the contractual provision at issue in this litigation.  (ECF No. 16.)  The letter also states that "for reasons that are too complex to explain herein," Invar Holdings is unable to "easily and promptly retain counsel" to represent itself.  (Id.)  As the Razinskis acknowledge in the Letter Motion, "it is well-settled . . . that a corporation may appear in the federal courts only through licensed counsel . . . ."  Grace v. Bank Leumi Trust Co. of N.Y., 443 F.3d 180, 187 (2d Cir. 2006).  Accordingly, the Razinskis' Letter Motion (ECF No. 16) on behalf of Invar Holdings is a nullity and is DENIED as improper.  See id. at 192 (noting that the general rule is "to dismiss any action or motion filed by a corporation purporting to act pro se" (internal quotation marks omitted)).  Invar Holdings is directed to retain counsel and file an appearance by March 30, 2022.  Invar Holdings is advised that failure to appear through an attorney may lead to entry of a default judgment against it.

**SO ORDERED.**

Dated:  New York, New York
       March 1, 2022

                                      John F. Keenan
                                 United States District Judge