UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

136 FIELD POINT CIRCLE HOLDING
COMPANY LLC,

               Plaintiff,

-v.-

ALEXANDER RAZINSKI et al.,

               Defendants.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/17/2024

21 Civ. 11076 (JHR)

MEMORANDUM OPINION AND ORDER

JENNIFER H. REARDEN, District Judge:

      This breach of contract action concerning the property at 136 Field Circle in Greenwich, Connecticut, was initiated on December 27, 2021 and reassigned to this Court in 2023. ECF No. 1. It is the most recent case "within the last ten years of . . . litigation" among the same parties. ECF No. 45 Tr. 2:22-23. Defendants answered the Complaint in June 2022. On several occasions since then, Defendants have had to search for counsel for Defendant Invar International Holdings, Inc. ("Invar Holdings"). Little else has been accomplished. The Court is in receipt of Plaintiff's letter dated October 30, 2023 requesting guidance on how to proceed. *See* ECF No. 55. As explained below, the Court deems discovery closed. The parties are directed to confer and propose a schedule for briefing pre-trial applications.

## I.    BACKGROUND

      On October 6, 2022, the judge previously assigned to this matter entered a Civil Case Management Plan and Scheduling Order providing that "[a]ll fact discovery shall be completed no later than February 1, 2023," and that "[a]ll expert discovery . . . shall be completed no later than March 15, 2023." ECF No. 39 at 1-2. The Order further stated that it "may not be modified or dates herein extended, except by further Order of this Court for good cause shown." *Id.* at 4. On January 12, 2023, this Court ordered that, "[u]nless and until the Court orders otherwise, all

prior orders, dates, and deadlines shall remain in effect notwithstanding the case's reassignment." ECF No. 40. On February 21, 2023, Defendants expressed an intention "to file a letter-motion" regarding a discovery dispute, but no such motion was filed. At no point did Defendants seek to extend the discovery deadlines prior to their expiration.

On March 20, 2023, the Court heard argument on a motion from counsel to Defendant Invar Holdings to withdraw. ECF No. 45. During the conference, the Court ordered a 45-day stay on consent to allow Defendant Invar Holdings to retain new counsel. *See id.* at Tr. 10:22-25. On May 5, 2023, the Court granted an application on consent to extend the stay to May 18, 2023. ECF No. 48. On June 14, 2023, in response to an unopposed application stating that Defendants Alexander and Tanya Razinski's "search for Invar's required representation [wa]s still ongoing," *see* ECF No. 49 at 2, the Court stayed the action pending receipt of a status update on June 21, 2023. ECF No. 50. On June 28, 2023, following another request for a stay—which Plaintiff opposed—the Court lifted the stay. ECF No. 53

On July 13, 2023, pursuant to Court Order, the parties filed a joint status letter. ECF No. 54. Plaintiff was "satisfied that all discovery ha[d] been complete[d]" and that "[n]o expert discovery [was] required in this action." *Id.* at 2. Defendants, in contrast, were "not satisfied" with Plaintiff's responses to certain discovery requests and again represented that they "intend[ed] to file a letter-motion" to compel. *Id.* at 2-3. Plaintiff "disagree[d]" that "any legitimate discovery dispute exist[ed]," explaining "that the matter [wa]s ready for trial." *Id.* at 2. Defendants stated that they "will be ready for trial as soon as the unresolved discovery issues are addressed." *Id.* at 3. No motion to compel was ever filed.

## II.  DISCUSSION

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). "Whether 'good cause' exists 'turns on the diligence of the party seeking to

modify the scheduling order.'" *Trombetta v. Novocin*, No. 18-cv-993 (RA) (SLC), 2023 WL 2388722, at *3 (S.D.N.Y. Mar. 7, 2023) (denying *pro se* party's motion to reopen discovery) (quoting *Saray Dokum ve Madeni Aksam Sanayi Turizim A.S. v. MTS Logistics Inc.*, 335 F.R.D. 50, 52 (S.D.N.Y. 2020)).  Accordingly, the parties "'seeking to reopen discovery must show why the court's deadlines could not reasonably have been made despite [their] diligence.'" *Id.* (quoting *King v. Friend of Farmer, Inc.*, No. 97-cv-9264 (BSJ) (RLE), 2000 WL 290355, at *1 (S.D.N.Y. Mar. 21, 2000)).

"[W]hile *pro se* litigants may in general deserve more lenient treatment than those represented by counsel, all litigants, including *pro ses*, have an obligation to comply with court orders.  When they flout that obligation, they, like all litigants, must suffer the consequences of their actions." *McDonald v. Head Criminal Court Supervisor Officer*, 850 F.2d 121, 124 (2d Cir. 1988) (affirming dismissal of action brought by *pro se* plaintiff for failure to comply with a discovery order); *see also Tatintsian v. Vorotyntsev*, No. 1:16-cv-7203 (GHW), 2021 WL 780139, at *5 (S.D.N.Y. Jan. 27, 2021) (Woods, J.) (denying *pro se* party's motion to compel filed six weeks after close of discovery because he had "failed to demonstrate the good cause necessary to modify the CMP to re-open discovery").

Here, Defendants Alexander and Tanya Razinski (the "Razinski Defendants") "ha[d] an obligation to comply" with the October 6, 2022 Case Management Plan and Scheduling Order. *See McDonald*, 850 F.2d at 124.  Pursuant to that Order, "[a]ll fact discovery" was to "be completed no later than February 1, 2023," and "[a]ll discovery" was to "be completed by March 15, 2023." ECF No. 39 at 1-2.  Furthermore, the Case Management Plan and Scheduling Order could "not be modified or . . . extended except by further Order of this Court and for good cause shown." *Id.* at 4.  At no point have the Razinski Defendants sought to modify the Case Management Plan and Scheduling Order or extend its deadlines.

Moreover, the Razinski Defendants had "ample opportunity to obtain the information by discovery in the action." *See* Fed. R. Civ. P. 26(b)(2)(C)(ii) (stating that the court "must limit the frequency or extent of discovery" under such circumstances). The Case Management Plan and Scheduling Order provided approximately four months to complete fact discovery and more than five months to complete all discovery. *See* ECF No. 39; *cf. Jackson v. Fed. Exp.*, 766 F.3d 189, 199-200 (2d Cir. 2014) (affirming denial to reopen discovery where *pro se* party "had seven months to conduct discovery" and "scheduled time for discovery was over"); *Tripathy v. Lockwood*, No. 19-cv-6614 (FPG) (MJP), 2021 WL 5311029, at *3 (W.D.N.Y. Sept. 29, 2021) (collecting cases); *Inesti v. Hogan*, No. 11-cv-2596 (PAC) (AJP), 2013 WL 5677046, at *4 n.2 (S.D.N.Y. Sept. 30, 2013) (noting that *pro se* "[p]laintiff had more than adequate time—just under four months . . . —to seek discovery").

Nearly seven months have now elapsed since the Court lifted the stay. *See* ECF No. 51. Despite representing several times—in a letter dated February 14, 2023 (ECF No. 42 at 4); during the March 20, 2023 status conference (ECF No. 45); and again by letter dated July 12, 2023, after the stay was lifted—that Defendants "intend[ed] to file a letter-motion" regarding discovery (ECF No. 54 at 2), no such application has ever been filed. In other words, the Razinski Defendants were aware of the purported discovery issue before the close of discovery in March 2023—indeed, as long as *eleven months* ago—and could have timely raised the contested matters or sought an extension of discovery. The Razinski Defendants "were not diligent in bringing their discovery dispute to the Court," however. *Tatintsian*, 2021 WL 780139, at *6 (finding *pro se* defendants not diligent when they "sat on the discovery dispute until six weeks after the close of fact discovery" before seeking to reopen discovery). In fact, they still have not done so. Thus, the Court "finds that" the Razinski Defendants "have not

4

demonstrated good cause for a modification of the Case Management Plan and Scheduling Order." *See id*.

### III.   CONCLUSION

For the foregoing reasons, discovery in this case is closed.  On or before **Friday, January 26, 2024**, the parties shall confer and propose, by joint letter, a briefing schedule for the pre-trial applications referenced in ECF No. 45 at Tr. 10:22-25.

SO ORDERED.

Dated:  January 17, 2024
New York, New York

_____
JENNIFER H. REARDEN
United States District Judge