**BAKER, LESHKO, SALINE & DRAPEAU, LLP**
*Attorneys for Plaintiff*
One North Lexington Avenue
White Plains, New York 10601-1712
914.681.9500

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/4/2024

**MEMO ENDORSED**
Page 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

| | |
|---|---|
| 136 FIELD POINT CIRCLE HOLDING COMPANY, LLC, <br><br> Plaintiff, <br><br> -against- <br><br> ALEXANDER RAZINSKI, TANYA RAZINSKI, and INVAR INTERNATIONAL HOLDINGS, INC., <br><br> Defendants. | 21 Civ. 11076 (JHR) <br><br> **NOTICE OF MOTION** |

**COUNSELORS:**

**PLEASE TAKE NOTICE** that upon the annexed affidavit of Mitchell J. Baker, sworn to February 13, 2024, plaintiff 136 Field Point Circle Holding Company, Inc. will move this Court, at the Courthouse, 500 Pearl Street, New York, New York 10007, Courtroom 12B, at a date and time designated by this Court, for an Order pursuant to F.R.Civ.P. 41(b) granting 136 Field Point Circle Holding Company, LLC a default judgment in its favor against defendant Invar International Holding Company, Inc. for its failure to prosecute this action, (2) directing that a hearing be held for a determination of damages, and (3) together with such other, further and different relief this Court deems just.

Dated: White Plains, New York

Dated: White Plains, New York
February 15, 2024

         BAKER, LESHKO, SALINE & DRAPEAU, LLP
         *Attorneys for Plaintiff*

        By: _____
         Katie Wendle

To:

Alexander Razinski
Post Office Box 8184
White Plains, New York 10602
(Via ECF and Federal Express)

Tanya Razinski
Post Office Box 8184
White Plains, New York 10602
(Via ECF and Federal Express)

Pursuant to Rule 4.iii of the Court's Default Judgment Procedure, a plaintiff's application for default judgment must address, *inter alia*, "whether, if the default is applicable to fewer than all of the defendants, the Court may appropriately order a default judgment on the issue of damages prior to resolution of the entire action." Indiv. R. & Pracs. in Civ. Cases, Attach. A. In its default judgment motion, Plaintiff avers that "[t]he claim asserted against [defaulting] Defendant Invar International Holding[s]" ("Invar") "is premised upon a guarantee of the underlying debt due by the [non-defaulting Razinski Defendants]," ECF No. 72-1 ¶ 29, and "ask[s] that the damages due to Plaintiff by Invar [] be assessed at the trial of the underlying action." *Id.* ¶ 34. Indeed, pursuant to a May 17, 2012 Guaranty Agreement between Invar and Plaintiff, Invar agreed to "absolutely, unconditionally and irrevocably guarantee[] to [Plaintiff] and its successors, endorsees, transferees and assigns the full, complete and timely payment, performance and satisfaction of each and every one of the liabilities and obligations of either or both of the Razinskis under" certain transaction documents. ECF No. 72-5 § 1.1. "Because the case involves multiple defendants, entry of a default instead of a default judgment is, in the Court's view, more appropriate[]" at this juncture. *Schneider v. Cuddebackville Fire Dep't*, 11 Civ. 1499 (KMK) (S.D.N.Y. June 27, 2011) (rejecting Order to Show Cause for Default Judgment (citing *Diarama Trading Co. v. J. Walter Thompson U.S.A., Inc.*, 01 Civ. 2950 (DAB), 2002 WL 31545845, at *4 (S.D.N.Y. Nov. 13, 2002) (declining to adjudicate motions for default judgment on the ground that "the liability of one defendant is indeed likely to depend on whether others are ultimately found to be liable")). As Plaintiff notes, *see* ECF No. 72-1 ¶ 24, on January 31, 2024, the Clerk of Court issued a Certificate of Default against Invar, *see* ECF No. 69.

In view of the foregoing, the Court hereby DENIES Plaintiff's application for a default judgment "without prejudice to renewal upon resolution of the case against" the non-defaulting Defendants. *Chen v. Kicho Corp.*, 18 Civ. 7413 (PMH) (S.D.N.Y. Dec. 30, 2020). In the meantime, the Clerk's Certificate of Default "preclude[es Invar], from [January 31, 2024] forward, from arguing the merits of the claims made against [it]." *Diarama Trading Co.*, 2002 WL 31545845, at *4; *see also* ECF No. 69.

The Clerk of Court is directed to terminate ECF No. 72.

                 SO ORDERED.

                 _____
                 Jennifer H. Rearden, U.S.D.J.
                 Dated: March 4, 2024

2